### 2427.  LAW *v.* SMITH & KELLY COMPANY.

POWELL, J.  1. As to the element of the defendant's negligence, there was ample evidence to make a case for submission to the jury.

2. As to the element of the contributory negligence of the deceased: He and other laborers were employed in unloading gravel from a ship. The buckets of gravel, as they were filled in the hold by the deceased and his colaborers, were being hoisted by a donkey engine. The laborers had been instructed to stand clear of the hatches through which the buckets were being hoisted. The clutch on the engine slipped, and one of the buckets fell as it was being hoisted through the hatch, and struck and killed the deceased as he was working in the hold below. *Held,* that if the deceased voluntarily, and without the exigencies of his work so necessitating, assumed a position under the hatch while the bucket was being hoisted through it, the plaintiff should not recover. On the other hand, if the gravel was so piled in the hold that the deceased could not do the work he was expected to do without standing under the hatch, the question of his contributory negligence would be for solution by the jury. There was enough evidence tending to sustain the latter theory to prevent the granting of a nonsuit on this ground.

3. The exception as to the rejection of evidence is not well taken.

*Judgment reversed.*

DECIDED SEPTEMBER 6, 1910.

Action for damages; from city court of Savannah—Judge Freeman.  January 17, 1910.

*Osborne & Lawrence,* for plaintiff.

*O'Byrne, Hartridge & Wright,* for defendant.